UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Danielle Masse, | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )    C.A. No. 1:16-cv-00472-MSM-PAS |
| | ) |
| City of Providence, | ) |
|    Defendant. | ) |

ORDER

Mary S. McElroy, United States District Judge.

The Plaintiff, Danielle Masse ("Masse"), is a paramedic with the Providence Fire Department (the "Department") and an employee of the Defendant, the City of Providence (the "City"). In her Complaint, Masse alleges gender-based discrimination, sexual orientation discrimination, and retaliation by the City arising from the treatment she endured following testimony she gave in another case involving the Department and the City. These claims allege violation of both Title VII (42 U.S.C. §2000e) and Rhode Island's Fair Employment Practices Act (R.I. Gen. Laws §28-5-7, 1956).

Pending before the court are seven motions in limine filed by the City. (ECF Nos. 42-48.) To be admissible in Court, pursuant to the Federal Rules of Evidence, any proffered evidence must be relevant. Relevant evidence is evidence that has a

tendency to make a material fact more or less probable that it would be without the evidence.  Fed. R. Evid. 401.   A court must, however, review relevant evidence and may exclude the evidence if it finds that the probative value is "substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid 403.  Except for two, (ECFs 44 and 45) the City's motions are based on Rules 401, 402 and 403 of the Federal Rules of Evidence.  The Court has reviewed each of the motions and the objections put forth by the Plaintiff and issues the following orders:

1. <u>Defendant's Motion to Preclude Evidence of Liquor Locker or Cabinet (ECF No. 42)</u>

The Defendant's Motion (ECF No. 42) is unopposed by the Plaintiff and is, therefore, GRANTED as unopposed.

2. <u>Defendant's Motion to Preclude Evidence of Sexual Relationships of Other Individuals Within the Providence Fire Department (ECF No. 43)</u>

The Defendant's Motion (ECF No. 43) is also unopposed by the Plaintiff and is, therefore, GRANTED as unopposed.

3. <u>Defendant's Motion to Preclude Evidence of Harassment or Retaliation or Evidence of Medical Treatment or Medical Records that Occurred Earlier than 300 Days Prior to Plaintiff's Charge of Discrimination (ECF No. 44) to which Plaintiff Objects in Part (ECF No. 54)</u>

The City seeks to preclude the evidence of medical treatment and records from that treatment that occurred more than 300 days prior to the Plaintiff's charge of

Discrimination. In support of this motion the City cites to 42 U.S.C. 2000e-5(e)[1]. The City seeks, and Masse consents to, the exclusion of evidence of harassment or retaliation that occurred more than 300 days before she filed a charge of discrimination with the Rhode Island Commission for Human Rights and Equal Opportunity Employment Commission. Therefore, the motion, as it relates to the evidence noted, above is GRANTED as unopposed. With respect to evidence relating to Masse's medical treatment and medical records, the Defendant argues that, because she cannot introduce harassment or retaliation evidence from any time prior to February 16, 2015 pursuant to 42 U.S.C. §2000e-5, Masse must also be precluded from introducing evidence of medical treatment that occurred prior to that date. However, "[p]rovided that an act contributing to the [hostile work environment] claim occurs within the filing period, the entire period of the hostile environment may be

---

[1] The relevant portion of the enforcement provisions provides as follows:
> "(e) Time for filing charges; time for service of notice of charge on respondent; filing of charge by Commission with State or local agency; seniority system
>> (1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency. 42 U.S.C.A. § 2000e-5 (West).

considered by a court for the purpose of determining liability." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 101, 103 (2002). Masse's medical treatment and medical records are relevant under Fed. R. Evid. 401 to Masse's damage claims and the City offers no grounds for their exclusion. The Defendant's Motion (ECF No. 44) is GRANTED IN PART as unopposed and DENIED IN PART as stated above.

4. <u>Defendant's Motion to Preclude Any and All Evidence Relating to Discipline of Other Male Firefighters Within the Providence Fire Department (ECF No. 45) to which Plaintiff Objects (ECF No. 53)</u>

The City moves to preclude any evidence concerning the discipline of other Department employees. The City argues that the relevance of this evidence is outweighed by unfair prejudice under Fed. R. Evid. 403 and would cause undue delay and wasted time.[2] Because Masse's claims include disparate treatment, particularly with respect to disciplinary action, the discipline of other Department employees is highly relevant. The City will have the opportunity to mount challenges to the probative value of the evidence at trial. The Defendant's Motion (ECF No. 45) is DENIED without prejudice.

5. <u>Defendant's Motion to Preclude Any and All Evidence of the Sexual Orientation of Any Members of the Providence Fire Department (ECF No. 46) to which the Plaintiff Objects in Part (ECF No. 55)</u>

The City moves to exclude evidence regarding the sexual orientation of Department employees. Masse consents to limit the evidence of sexual orientation to that of Lori Franchina, a former Department employee. Masse alleges that she

---

[2] The City also cites to Rule 802 of the Federal Rules of Evidence to support the exclusion of this evidence but offers no argument to support this contention and in fact concedes that; "the Court would likely find that this evidence is not hearsay."

4

suffered retaliation and experienced sexual harassment as a result of her testimony at Ms. Franchina's trial.  Evidence of sexual orientation may be relevant to Masse's hostile work environment claim and to her sex-plus discrimination claim recognized in *Chadwick v. WellPoint, Inc.*, 561 F.3d 38 (1st Cir. 2009) and based on her membership in a protected class subset as a lesbian woman. The Defendant's Motion (ECF No. 54) is GRANTED IN PART as consented to by the Plaintiff and otherwise DENIED as stated above.

> 6. <u>Defendant's Motion to Preclude Any and All Evidence Relating to the Complaints of Julia O'Rourke and Lori Franchina (ECF No. 47) to which Plaintiff Objects (ECF No. 52)</u>

The City seeks to exclude all reference to complaints made by Julia O'Rourke and Lori Franchina.  Both O'Rourke and Franchina were female firefighters employed by the City who complained of hostile work environments.  The City argues that reference to these former employees, and their prior claims of harassment or retaliation, would mislead the jury and should therefore be precluded pursuant to Rule 403 of the Federal Rules of Evidence.  The City argues that the evidence could cause the jury to conclude that Masse experienced harassment and/or retaliation simply because other factfinders came to that conclusion in earlier lawsuits.  Masse argues that reference to Franchina's harassment claims must be made because Masse's testimony in Franchina's case against the City is the protected activity that forms part of her prima facie case for retaliation.  Masse's participation and testimony regarding the complaints made in Franchina's case may be relevant to her retaliation and hostile work environment claims.  The Court will address objections to the

admissibility of evidence concerning Franchina's complaints on a case-by-case basis at trial. As for evidence concerning Julia O'Rourke's complaints, the Court concludes such evidence is too remote in time and fails to meet the probative value standard under Fed. R. Evid. 401 to make the facts alleged in this case more or less probable than they would be without the evidence. The Plaintiff, however, will be permitted to renew her motion at trial and provide argument as to the probative value of the evidence if she so chooses. The Defendant's Motion (ECF No. 47) is, therefore, GRANTED IN PART and DENIED IN PART without prejudice.

> 7. <u>Defendant's Motion to Preclude Any and All Evidence Relating to the Arbitration Regarding the December 2014 Incident (ECF No. 48) to which Plaintiff Objects and submits a Cross Motion to Apply the Doctrine of Collateral Estoppel (ECF No. 51)</u>

The City moves to exclude any reference to an arbitration decision rendered between the Department and Masse. The City argues that evidence of the arbitration decision would unfairly prejudice the City under Fed. R. Evid. 403 and that the arbitration award is inadmissible hearsay under Fed. R. Evid. 801(c)(1) and (2). The arbitration decision concerning Masse's discipline following an incident that occurred in the course of her work for the Department is relevant to her claim that the City retaliated against her and engaged in discrimination through disparate disciplinary action. Through limiting instructions for the jury and addressing hearsay objections as they arise, the Court will address the City's concerns without preventing Masse from referencing the disciplinary action that is highly relevant to her discrimination and retaliation claims.

The City opposes Masse's Cross Motion to Apply the Doctrine of Collateral Estoppel. (ECF No. 51).  Masse urges the Court to apply issue preclusion, a form of res judicata, to the issue of whether there had been "just cause" for the discipline Masse received following a workplace incident in December 2014.  The question of the "just cause" for this discipline was considered and determined during an arbitration proceeding.  Masse argues that the arbitration decision as to this issue is binding on the City and should not be relitigated.[3]  To apply collateral estoppel in Rhode Island, and therefore eliminate re-litigation of a particular issue, the following elements must be satisfied: "(1) the parties are the same or in privity with the parties of the previous proceeding; (2) a final judgment on the merits has been entered in the previous proceeding; (3) the issue or issues in question are identical in both proceedings." *Foster-Glocester Reg'l Sch. Comm. v. Bd. of Review*, 854 A.2d 1008, 1014 (R.I. 2004) (citing *Lee v. Rhode Island Council 94, A.F.S.C.M.E., AFL–CIO, Local 186*, 796 A.2d 1080, 1084 (R.I.2002) (per curiam). The City argues, among other things, that the arbitration award is not a final judgment because it has not been confirmed by a court and that the issues involved in the arbitration and in this case are not identical as required for the application of issue preclusion.

"[Final] arbitral awards are afforded the same preclusive effects as are prior court judgments." *Manganella v. Evanston Ins. Co.*, 700 F.3d 585, 591 (1st Cir. 2012).

---

[3] According to the First Circuit, "'[c]ollateral estoppel, sometimes called issue preclusion, bars parties from re-litigating issues of either fact or law that were adjudicated in an earlier proceeding' before a court or other tribunal of competent jurisdiction." *Patton v. Johnson*, 915 F.3d 827, 833 (1st Cir. 2019) (quoting *Robb Evans & Assocs., LLC v. United States*, 850 F.3d 24, 31 (1st Cir. 2017).

7

In Rhode Island, an arbitral award "that is confirmed by the Superior Court is equivalent to a final judgment in an action at law." *Foster-Glocester*, 854 A.2d at 1014 (quoting *Mulholland Const. Co. v. Lee Pare & Associates, Inc.*, 576 A.2d 1236, 1237 (R.I. 1990)). Here, the arbitration award has not been confirmed. While the Rhode Island Supreme Court has not made arbitration award confirmation a requirement for collateral estoppel to apply, the privity, finality, and issue elements must be established. *Id.* at 1015. Where the collateral estoppel elements have been satisfied, unconfirmed arbitration awards have been afforded preclusive effect. *Patton v. Johnson*, No. 17-259 WES, 2018 WL 3655785, at *8 (D.R.I. Aug. 2, 2018), aff'd, 915 F.3d 827 (1st Cir. 2019), (quoting *O'Connell v. Fed. Ins. Co.*, 484 F. Supp. 2d 223, 225 n. 2 (D. Mass. 2007)). The arbitration at issue concerned whether, under the Department's rules and regulations, just cause existed for Masse's discipline. At issue in the present case is whether, among other things, Masse's discipline rose to the level of discriminatory and retaliatory conduct in violation of federal and/or state law. The Plaintiff, at this juncture, has not sufficiently established privity, finality, and issue identity for the specific issues and findings that she wishes this Court to adopt from the arbitration proceeding. The Plaintiff, however, will be permitted to renew her motion and provide argument as to the applicability of the doctrine of collateral estoppel prior to trial. The Defendant's Motion (ECF No. 48) is DENIED and the Plaintiff's Cross Motion (ECF No. 51) is DENIED as stated above and without prejudice.

For the foregoing reasons, the Court:

1. GRANTS Defendant's Motion in Limine to Preclude Evidence of Liquor Locker or Cabinet (ECF No. 42);

2. GRANTS Defendant's Motion in Limine to Preclude Evidence of Sexual Relationships of Other Individuals Within the Providence Fire Department (ECF No. 43);

3. GRANTS IN PART and DENIES IN PART as stated above Defendant's Motion in Limine to Preclude Evidence of Harassment or Retaliation or Evidence of Medical Treatment or Medical Records That Occurred Earlier than 300 Days Prior to Plaintiff's Charge of Discrimination (ECF No. 44);

4. DENIES Defendant's Motion in Limine to Preclude Any and All Evidence Relating to Discipline of Other Male Firefighters Within the Providence Fire Department (ECF No. 45);

5. GRANTS IN PART and DENIES IN PART as stated above Defendant's Motion to Preclude Any and All Evidence of the Sexual Orientation of Any Members of the Providence Fire Department (ECF No. 46);

6. GRANTS IN PART and DENIES IN PART Defendant's Motion to Preclude Any and All Evidence Relating to the Complaints of Julia O'Rourke and Lori Franchina (ECF No. 47); and

7. DENIES Defendant's Motion to Preclude Any and All Evidence Relating to the Arbitration Regarding the December 2014 Incident (ECF No. 48) and DENIES as stated above Plaintiff's Cross Motion to Apply the Doctrine of Collateral Estoppel (ECF No. 51).

IT IS SO ORDERED.

_/s/ Mary S. McElroy_
Mary S. McElroy
United States District Judge
June 29, 2020